```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TOM BARKER,

                Plaintiff,

vs.                              Case No. 2:09-cv-701-FtM-29SPC

GEORGE SHELDON, Secretary, DCF;
LIBERTY BEHAVIORAL HEALTHCARE
CORPORATION,

                Defendants.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon review of the file. Plaintiff, who is civilly committed to the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a *pro se* Civil Rights Complaint Form for FCCC Residents (Doc. #1, Complaint) on October 23, 2009. Plaintiff did not pay the requisite filing fee, and instead seeks to proceed *in forma pauperis* in this action. See Affidavit of Indigence filed November 27, 2009 (Doc. #9).

**I.**

The Complaint names George Sheldon, the Secretary of the Florida Department of Children and Families ("Sheldon"), and Liberty Behavioral Healthcare Corporation ("Liberty"), who Plaintiff identifies as the "FCCC Contractor," as Defendants to this action. Complaint at 1-2. According to Plaintiff's "Statement of Claim," Defendants violated his Fourth and Fourteenth Amendment rights because, "[o]n October 29, 2005," Plaintiff "had to pay for a friend to travel to [the] FCCC to pick up property

that had been seized by Defendants." Id. at 2. Plaintiff's friend stored Plaintiff's property "in a storage unit," and Plaintiff has been required "to cover costs for storage" of the items "to the present day." Id.

In support of his claims, Plaintiff avers that there were "no lawfully promulgated administrative rules concerning the daily operations of the FCCC." Id. at ¶1. Instead, Plaintiff states that "[a]ll policies and procedures began and ended with Liberty." Id. Plaintiff argues that "[f]inal disposition of one's . . . property should not constitutionally belong solely to a private entity." Id. Plaintiff further avers that his "property ha[s] been seized without procedural or substantive due process." Id. at ¶2. He further alleges that "many of the items" he was required to place in storage "were either allowed for other similarly situated residents and/or later approved for receipt in future packages." Id.

As relief, Plaintiff seeks unspecified "prospective injunctive relief," as well as "actual damages in the amount of $1500, and punitive damages." Additionally, Plaintiff seeks "costs and reasonable attorney fees." Id.

**II.**

Despite Plaintiff's non-prisoner status, before the Court grants Plaintiff *in forma pauperis* status and directs the U.S. Marshal to serve his Complaint on Defendants, the Court is required to review Plaintiff's Complaint to determine whether the complaint

is frivolous, malicious or fails to state a claim.[1]  See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.  The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff due to his status as a civil detainee.  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B).  Id. at 1260.  Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.  See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. In particular, "the complaint must allege the relevant facts with some specificity." Gonzalez v. Reno, 325 F.3d 1228,1235 (11th Cir. 2003) (internal quotations omitted). "'[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague an conclusory.'" Id. (quoting Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). Rather, a complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts if proved, will overcome the defense of qualified immunity."

Id. (quoting Veney v. Hogan, 70 F.2d 917, 922 (6th Cir. 1995)). Unsupported conclusions of law or of mixed law and fact in a complaint will not be accepted by the court. Marsh, 268 F.3d at 1036 n.16. Additionally, the court affords "official conduct a presumption of legitimacy." Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a §1983 action. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

By way of background, the State of Florida enacted the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act ("Jimmy Ryce Act"), Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator[2] is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Jimmy Ryce Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002). See also Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).[3] Thus, involuntary commitment of sexually violent predators under the Jimmy Ryce Act is accomplished by a civil, rather than a

---

[2]A "sexually violent predator" is defined by the Act as any person who:

(a) has been convicted of a sexually violent offense; and
(b) suffers from a mental abnormality or personality disorder that makes the person more likely to engage in acts of sexual violence if not confined in a secure facility for log-term control, care, and treatment.

Fla. Stat. § 394.912(10) (2002).

[3] "Florida's Ryce Act is similar to the Kansas Sexually Violent Predator Act in many respects. See Kan. Stat. Ann. § 59-29a01-a20 (Supp. 2001)." Westerheide, 831 So. 2d at 99 n.6.

criminal proceeding. The state legislature, in its statement of "findings and intent," said that the Act was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" Fla. Stat. § 94.910 (2000).

Residents at the FCCC are considered "totally confined" and therefore are subject to internal regulations much like those established by the Florida Department of Corrections. See Fla. Stat. § 394.912(11). A person who is civilly committed is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)(in that "the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments").

The Court recognizes, however, that the FCCC is not a prison and Plaintiff is not a prisoner. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). Instead, an individual who has been involuntarily civilly committed has "liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training" as required to ensure safety and freedom from restraint. Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996)(citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). See also Lavender v. Kearney, 206 Fed. Appx. 860, 862 (11th Cir 2006). Indeed, the Court recognizes that residents at the FCCC are afforded a higher

standard of care than those who are criminally committed. Id. (finding that "persons subjected to involuntary civil commitment are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

### III.

Based upon a review of the Complaint, the Court finds that Plaintiff's Complaint fails to articulate a constitutional claim upon which relief can be granted as to either Defendant. First, the Complaint is completely devoid of any allegations as to Defendant Sheldon. Indeed, Plaintiff states that "[a]ll policies and procedures began and ended with Liberty." Complaint at 2, ¶1. Thus, Plaintiff fails to aver any affirmative causal connection between Defendant Sheldon's conduct and the alleged constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059. Consequently, the Complaint fails to state a claim against Defendant Sheldon.

As to Defendant Liberty, Plaintiff attributes liability to it on the basis that officials at the FCCC temporarily took possession of Plaintiff's personal property until he was able to arrange to have it picked up and stored elsewhere until his release. The Fourteenth Amendment of the Federal Constitution provides, in part, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus, "a § 1983 claim alleging a denial of procedural due process, requires proof of

three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)).

To have a property interest, Plaintiff must demonstrate "more than an abstract need or desire for it . . . . He must, instead, have a legitimate claim of entitlement to it" under state or federal law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Here, Plaintiff fails to specify what property the FCCC officials did not permit him to keep. To the extent that FCCC officials deemed the property contraband, Plaintiff had no property interest in any item that was classified as contraband. See Weems v. St. Lawrence, 2009 WL 2422795 *4, n.6 (S.D. Ga. 2009); see also Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006); Lyon v. Ferrier, 730 F.2d 525 (8th Cir. 1984); Kimble v. Michigan Dep't of Corr., 411 F.2d. 990, 991 (6th Cir. 1969).

Nonetheless, even if Plaintiff's property did not constitute contraband, the removal of items from a prisoner's cell and directive requiring the items to be sent out of the facility to an address of the inmate's choosing does not constitute a taking of property for due process purposes, because it only deprives the prisoner of possession, not ownership. Weems, 2009 WL 2422795 *4. Similar to Weems, Plaintiff does not allege that Defendant Liberty confiscated and destroyed his personal property pursuant to an

-9-

established state procedure. In fact, Plaintiff acknowledges that he was permitted the opportunity to have his personal property removed from the FCCC, and stored until his release from civil commitment.

Even assuming *arguendo* that Plaintiff could demonstrate a property interest in the unspecified property, he can not show the third element required for a procedural due process claim because the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, if Plaintiff's unspecified property had been lost or destroyed, the Complaint would still be subject to dismissal because Plaintiff does not allege an inadequate post-deprivation process. Indeed Plaintiff cannot allege an inadequate post-deprivation process because Plaintiff's claim regarding any loss of or destruction to his personal property may be raised in a tort action under Florida state law. See Fla. Stat, Section 768.28(1987).

Additionally, to the extent that Plaintiff is attempting to articulate an equal protection violation claim, his claim is equally flawed. "To establish an equal protection claim, a prisoner must demonstrate: (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his

discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Conclusory allegations of disparate treatment or personal belief of discriminatory intent is insufficient. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998). Plaintiff, in a wholly conclusory fashion, claims he was treated differently than "similarly situated residents," but fails to provide any facts as to how he was treated differently than any other FCCC resident to sustain an equal protection claim. Finally, Plaintiff's request for declaratory and injunctive relief are moot because Liberty is no longer the contract provider at the FCCC. See Canupp, et al. v. Liberty Behavioral, et al., 2:04-cv-260-99DNF, Order of Partial Dismissal (Doc. #154) entered January 16, 2007, recognizing claims for injunctive relief moot as to Liberty due to its contract to provide services to the FCCC expiring on June 30, 2006. Based upon the foregoing, the Court finds the Complaint is due to be dismissed pursuant to § 1915(e)(2).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint is **DISMISSED** without prejudice.

2. Plaintiff's Motion for Directions From the Court (Doc. #10) is **DENIED as moot.**

3. The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of February, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record